UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CRAIG W. STROEBEL**<br>     **Plaintiff** | **CIVIL ACTION NO. 2:10-cv-00691** |
| **V.** | **SECTION I** |
| | **JUDGE  LEMELLE** |
| **PAUL RAINWATER, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE LOUISIANA RECOVERY ACT** | **MAGISTRATE JUDGE  WILKINSON** |

**MEMORANDUM IN REPLY TO PLAINTIFF'S OPPOSITION TO
PAUL RAINWATER'S MOTION TO DISMISS**

**MAY IT PLEASE THE COURT**:

    Defendant, Paul Rainwater, in his official capacity as Executive Director of the Louisiana Recovery Authority[1] ("Rainwater"), respectfully submits this reply to the brief filed by Plaintiff, Craig W. Stroebel ("Stroebel") in opposition to Rainwater's motion to dismiss. Plaintiff's opposition to Rainwater's motion to dismiss focuses on Plaintiff's argument that the case of *Ex Parte Young*, 209 U.S. 123 (1908) and its progeny provide an exception to the general sovereign

---

[1] Paul Rainwater no longer holds this position. Mr. Rainwater is now the Commissioner of Administration. Furthermore, the Louisiana Recovery Authority dissolved on July 1, 2010 and is no longer in existence.

immunity of state officials. However, it is clear that here Plaintiff misapplies the *Ex Parte Young* exception in an attempt to circumvent the general rule of sovereign immunity which should obviously apply to his suit against Rainwater, a state official. As discussed below, Rainwater is not the real party in interest, the Louisiana Recovery Authority is. Plaintiff cannot pierce the shield of the Eleventh Amendment simply by naming as defendant a party other than the State and alleging, in conclusory fashion, that his actions were conducted in an arbitrary manner. For the reasons stated in Rainwater's original memorandum in support of his motion to dismiss and those discussed below, Rainwater's motion should be granted.

**I.    The LRA is immune from Plaintiff's Suit under the Eleventh Amendment.**

In his Opposition, Plaintiff does not attempt to contend that the LRA, as a state agency, is not provided with immunity under the Eleventh Amendment. To the contrary, Plaintiff's Opposition implicitly accepts that to be the case. As recognized by Judge Stanwood R. Duval, Jr., in *Braden Robinson and Michelle Robinson v. The Road Home Corporation, et al.*, United States District Court for the Eastern District of Louisiana, No. 09-4782, Section "K," the LRA and the Office of Community Development are provided Eleventh Amendment immunity as state agencies.

**II.   The Relief Sought by Plaintiff Falls Outside the Scope of the *Ex Parte Young* Exception to The Eleventh Amendment's General Prohibition of Suits Against a State by its Own Citizens.**

Although *Ex Parte Young*, 209 U.S. 123 (1908), provides an exception to Eleventh Amendment immunity in suits involving the actions of state officials, it is well settled that "[t]he Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). In this case, Rainwater cannot be the real party in interest because he lacked authority over The Road

Home compensation grant formula that is the alleged source of Plaintiff's damages. As will be demonstrated by statute and by Plaintiff's own admissions, the Louisiana Recovery Authority ("LRA") was solely responsible for the development and implementation of The Road Home compensation grant formula at issue in this litigation. As such, *Ex Parte Young* cannot permit Plaintiff to circumvent the Eleventh Amendment.

Plaintiff, in his Complaint, concedes the LRA is the real party in interest in this action and not Rainwater, stating:

> **This suit is being brought against the LRA** to enforce the Fair Housing Act of 1968, as amended (42 U.S.C. § 3601 *et seq*.); Title I of the Housing Community Development Act of 1974, as amended (42 U.S.C. § 5301, *et seq*.); and the Stafford Act (42 U.S.C. § 5121 *et seq*.). (Complaint, ¶ 1.) (emphasis added).
>
> The Louisiana Recovery Authority ("LRA") is a Louisiana state agency created to coordinate and administer funds from federal, state, local, and private sources for recovery from Hurricanes Katrina and Rita, including CDBG Disaster Recovery Grant Funds. Defendant, Paul Rainwater, is the LRA's Executive Director. (Complaint, ¶ 4.)

Plaintiff further concedes the LRA, and not Rainwater, is responsible for proposing and developing the Road Home grant formula and details of The Road Home program that is at issue in this lawsuit. Plaintiff admits "the LRA, in consultation with HUD, proposed and developed the Road Home grant formula and details the Road Home program." (Complaint, ¶ 13.)[2] Plaintiff further admits, "the LRA administers the Road Home program subject to ongoing oversight and continuing approval by HUD." (Complaint, ¶ 15.) Thus, Plaintiff's claims are only against Rainwater in name and against the LRA and the State of Louisiana in actuality.

---

[2] "The maximum Road Home grant that a homeowner may receive is $150,000 and grants are calculated using the lower of two baseline values: the pre-storm value of the home, or the cost of damage to the home." (Complaint, ¶ 12.)

Plaintiff cannot pierce the shield of the Eleventh Amendment immunity simply by naming as defendant a party other than the State. Looking to substance rather than form, the Supreme Court has decided that such immunity should not depend on "the mere names of the titular parties but (on) the essential nature and effect of the proceeding, as it appears from the entire record." *Scheuer v. Rhodes*, 416 U.S. 232, 237 (1974), *overruled on other grounds, Davis v. Scherer,* 468 U.S. 183 (1984)(*citing Ex Parte New York*, 256 U.S. 490, 500 (1921)). "The Eleventh Amendment bars a suit against state officials when "the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp.,* 465 U.S. at 101–02 (*citing Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464 (1945). The United States Supreme Court has "previously held that the nature of a suit as one against the state is to be determined by the essential nature and effect of the proceeding." *Ford Motor Co.*, 323 U.S. at 463–64. The LRA, not Rainwater, is the real, substantial party in interest in this case.

"The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Vann v. Kempthorne*, 534 F.3d 741, 754–55 n.5 (D.C. Cir. 2008) (*citing State of Hawaii v. Gordon,* 373 U.S. 57, 58 (1963)). "[A] suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act." *Id.* (*citing Pennhurst State Sch. & Hosp.,* 465 U.S. at 101 n. 11). Plaintiff's claims against Rainwater create analogous concerns.

The relief Plaintiff seeks would clearly operate against the State of Louisiana through the LRA. The Federal Government provided Louisiana with Community Development Block Grant (CDBG) funds. These funds were distributed by the LRA to hurricane affected residents of Louisiana. Plaintiff's lawsuit will significantly interfere with Louisiana's administration of the

funds provided by the Federal Government to aid its residents. Further, the effect of a judgment in favor of Plaintiff would be to compel the state government, through the LRA, to act because it is the statutory responsibility of the LRA, not Rainwater, to administer Road Home grant funds.[3]

Plaintiff contends that *Ex Parte Young* provides no shield for a state official confronted by a claim that he deprived another of a federal right under the color of state law. However, the instant case is distinguishable from *Ex Parte Young,* where the Supreme Court observed:

> In making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, it is plain that such officer must have *some connection with the enforcement of the act, or else it is merely making him a party as a representative of the state and, thereby attempting to make the state a party.*
> * * *
> The fact that the state officer, by virtue of his office, has some connection with the enforcement of the act, is the important and material fact, and whether it arises out of the general law, or is specially created by the act itself, is not material so long as it exists.

*Ex Parte Young*, 209 U.S. at 157 (emphasis added). Therefore, unless the state officer has some responsibility to enforce the statute or provision at issue, the "fiction" of *Ex Parte Young* cannot operate.

In *Children's Health Care is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1422 (6th Cir. 1996), the Sixth Circuit held that absent enforcement or threatened enforcement by the Attorney General, an action against the Attorney General was precluded by the Eleventh Amendment. The court held:

---

[3] Significantly, even the case heavily relied upon by Plaintiff points to the well-settled premise that "the doctrine of Ex parte Young is of no aid to a plaintiff seeking damages from the public treasury." *Scheuer*, 416 U.S. at 238 (citing *Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573, 66 S.Ct. 745, 90 L.Ed. 862 (1946); *Ford Motor Co. v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121 (1944)).

> Consistent with the *Young* requirement of action on the part of the state official, we note that the phrase "some connection with the enforcement of the act" does not diminish the requirement that the official threatened and be about to commence proceedings.

*Children's Health Care,* 92 F3d at 1416 (citing *Ex Parte Young*, 209 U.S. at 155-56). "General authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *1st Westco Corporation v. School District of Philadelphia,* 6 F.3d 108, 113 (3d Cir. 1993)(citations omitted). Holding that a state official's obligation to execute the laws is sufficient connection to the enforcement of a challenged statute would extend *Ex Parte Young* beyond what the Supreme Court has intended and held. *See Weinstein v. Edgar*, 826 F.Supp. 1165, 1167 (N.D. Ill. 1993); *Mendez v. Heller*, 530 F.2d 457, 460 (2d Cir. 1976) (holding an attorney general's duty to support the constitutionality of challenged state statutes and his duty to defend actions in which the state is interested do not constitute enforcement of the statute in question); s*ee also, Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) (*citing Gras v. Stevens*, 415 F.Supp. 1148, 1152 (S.D.NY 1976))(holding the mere fact that a governor is under a general duty to enforce state law does not make him a proper party defendant in every action attacking the constitutionality of a state statute).

"Of critical importance are the nature of the statute and the state officer's connection with that statute." *Shell Oil Co. v. Noel*, 608 F.2d 208, 212 (1st Cir. 1979). In the instant case, Plaintiff seeks an injunction against a state officer, Rainwater, alleging that his actions violate several federal statutes. (Complaint, ¶ 15.) However, Rainwater did not have any responsibility or authority for the development and implementation of The Road Home compensation grant formula at issue. To the contrary, Plaintiff admits this was the sole responsibility of the LRA. (Complaint, ¶¶ 1, 2, 13-15.) Moreover, unlike the Minnesota Attorney General in *Ex Parte*

*Young*, Rainwater did not threaten to commence, and was not about to commence, proceedings against Plaintiff much less proceedings to enforce an allegedly unconstitutional act.

Rainwater's only connection to the development of the grant formula is derived from his general obligation as Executive Director of the Louisiana Recovery Authority. La. Rev. Stat. Ann. § 49:220.5(d). However, the U.S. Supreme Court in *Fitts v. McGhee*, 172 U.S. 516 (1899), rejected a threat of liability predicated on a governor's general obligations as a executive of the state and held this was insufficient to avoid the consequences of the Eleventh Amendment. *See also Akron Center for Reproductive Health v. Rosen*, 633 F.Supp. 1123, 1129–30 (M.D. Ohio 1986), *reversed on other grounds,* 497 U.S. 502 (1990); *Hatfield v. Williams*, 376 F.Supp. 212, 214 (N.D. Iowa 1974); *Sherman v. Community Consol. Sch. Dist. 21*, 980 F.2d 437, 441 (7th Cir. 1992), *cert. denied,* 508 U.S. 950 (1993) (holding attorney general's general supervisory power insufficient to establish the connection with enforcement required by *Ex Parte Young*); *Long v. Van De Camp*, 961 F.2d 151, 152 (9th Cir. 1992).

"[I]n *Fitts,* the Supreme Court articulated the requirement that there be a 'close' connection or a 'special relation' between the statute and the defendant state officer's duty before the Eleventh Amendment bar could be overcome." *Okpalobi v. Foster*, 244 F.3d 405, 413 (5th Cir. 2001)(*citing Fitts*, 172 U.S at 529–30). "*Fitts* illuminated the important precept that allowing state officers to be sued in lieu of the State absent some 'special connection' would permit the narrow exception to swallow the fundamental, constitutionally-based rule." *Id.*

Plaintiff indicates that the Court should allow discovery to continue so that it may prove that Rainwater acted sufficiently delictually in his duties so as to warrant an exception to the general immunity provided to him. (Plaintiff's Opposition, pp. 4-6.) However, in that regard, the very case which Plaintiff seeks to compare to the case at hand illustrates the reason Plaintiff's


suit against Rainwater cannot stand. Plaintiff cites *Scheuer v. Rhodes*, in which the Supreme Court noted that "[I]mplicit in the idea that officials have some immunity-absolute or qualified- for their acts, is a recognition that they may err. The concept of immunity assumes this and goes on to assume that it is better to risk some error and possible injury from such error than not to decide or act at all." 16 U.S. at 242. If, as Plaintiff seeks here, a plaintiff could avoid the Eleventh Amendment consequences of a suit against a state official simply by alleging, conclusively and without any supporting factual allegations, that the official acted in an arbitrary manner in contravention to the United States Constitution, the immunity provided would lose a great deal of its meaning. That is to say, when analyzing a plaintiff's conclusory allegations of errors alleged to be on the part of a state official, a court must consider that errors on the part of a state official are implicit in the immunity they are provided. *See Scheuer*, 416 U.S. at 242.

In this case, the Plaintiff's allegations center on a simple alleged miscalculation of his grant. Plaintiff seeks to have The Road Home compensation grants recalculated. The duty for the compensation grant formula's creation and implementation falls squarely on the LRA, not Rainwater. La. Rev. Stat. Ann. § 49:220.4.[4] Thus, Plaintiff is not seeking to compel Rainwater to act. In actuality, Plaintiff wishes to compel the LRA to act.

As Executive Director of the LRA, Rainwater did not and does not have any responsibility for the design of The Road Home compensation grant formula. The statute

---

[4] La. Rev. Stat. Ann. § 49:220.4 states in pertinent part:
A. (1) The Louisiana Recovery Authority is hereby created as a state agency within the office of the governor, division of administration. The authority shall be a body corporate with power to sue and be sued. The domicile of the authority shall be in the parish of East Baton Rouge. The purpose of the authority shall be to recommend policy, planning, and resource allocation affecting programs and services for the recovery, to implement programs and provide services to the recovery, and to identify duplication of services relative to the recovery where appropriate. The authority shall carry out its functions to support the most efficient and effective use of resources for the recovery.
(2) The board shall provide leadership and oversight for the activities of the authority.
(3) The authority shall have an executive director who shall be appointed by the governor and subject to confirmation by the Senate. The executive director shall serve at the pleasure of the governor and shall be paid a salary which shall be fixed by the governor. The executive director shall be responsible to the governor and the board.

empowering the LRA to implement the Road Home program only charges the Executive Director with general responsibility to the governor and the LRA board. *See* La. Rev. Stat. Ann. § 49:220.4. Rainwater has no special connection to the statute authorizing the LRA to create and implement The Road Home grant formula. Absent such a special connection, this Court should conclude that that the *Ex Parte Young* doctrine does not apply and find that the suit against Rainwater is barred by the Eleventh Amendment.

### III. Conclusion

Plaintiff's reliance on the narrow exception of *Ex Parte Young* is misplaced and is a clear attempt to circumvent the obvious immunity provided to Rainwater by the Eleventh Amendment. For the reasons discussed in Rainwater's original memorandum in support of his motion to dismiss and those discussed above, Rainwater's motion to dismiss should be granted.

Respectfully submitted,

*/s/ Allen J. Krouse, III*
**A.J. Krouse, La. Bar No. 14426**
**Renee Culotta, La. Bar No. 24436**
**Frilot L.L.C.**
1100 Poydras Street, Suite 3700
New Orleans, LA 70163
Telephone: 504-599-8085
Facsimile: 504-599-8267

**COUNSEL FOR DEFENDANT,**
**PAUL RAINWATER**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 13th day of September 2010, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

>L. Eric Williams, Jr.
>3000 W. Esplanade Ave.
>Suite 200
>Metairie, LA 70002
>eric@amlbenzene.net

　　　　　　　　　　　　　　　　　　　　/s/ Allen J. Krouse, III