UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

**CRAIG W. STROEBEL**                              **CIVIL ACTION**

**VERSUS**                                         **NO: 10-691**

**PAUL RAINWATER, IN HIS**                         **SECTION: B(5)**
**OFFICIAL CAPACITY AS**
**EXECUTIVE DIRECTOR OF THE**
**LOUISIANA RECOVERY ACT**

                            <u>**ORDER AND REASONS**</u>

   Before the Court is Defendant's Motion to Dismiss (Rec. Doc. No. 10), Plaintiff's Opposition (Rec. Doc. No. 13), and Defendant's Reply (Rec. Doc. No. 19).

   **IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 10) is hereby **GRANTED.**

   In 2006, Plaintiff, Craig W. Stroebel, purchased a home in Metairie, Louisiana that had sustained damage and flooding from Hurricane Katrina. The agreement to purchase the home provided that the sellers would release and assign any Louisiana Recovery Authority (Road Home) grants to Stroebel. In February 2009, Stroebel received a Road Home grant in the amount of $59,741.01, which he timely appealed; however, his appeal was denied because he was not the original owner of the property.

   Stroebel claims that the Road Home grant he received was improperly calculated because no one from the Road Home or Office of Community Development inspected the inside of his home, and an earlier estimate was prepared by a Road Home representative in the

amount of $127,305.15. Stroebel asserts that he should have received an award of $81,763,61 based on deductions from the earlier estimate for FEMA assistance and failing to maintain flood or homeowner insurance, and thus he is owed $22,022.60. He further contends that the Road Home Program's decision to deny his appeal was based on erroneous grounds and contrary to state and federal laws and public policy.

Stroebel filed this suit against Defendant Paul Rainwater, in his official capacity as the Executive Director of the Louisiana Recovery Authority (LRA), seeking a judgment declaring that Rainwater has violated the Fair Housing Act of 1968, Title I of the Housing Community Development Act of 1974, and the Stafford Act, and deprived Stroebel of his civil rights under the same, as well as an injunction ordering Rainwater to honor the full award of the Road Home grant by paying the remaining amount owed to Stroebel of $22,022.60, thereby ceasing his violation of Stroebel's rights.

Rainwater argues that the Eleventh Amendment bars Stroebel from pursuing his claims, as he is seeking retroactive monetary relief of what he claims to be owed by Road Home. Rec. Doc. No. 10-1, at 9, 12-14. Additionally, since the development and implementation of the Road Home compensation grant formula and the administration of Road Home grant funds are the responsibility of the LRA, the State (through the LRA) is the real party in interest in the suit. Rec. Doc. No. 19 at 3, 5. The effect of a judgment

in favor of Stroebel would be to compel the state government to act and would significantly interfere with Louisiana's administration of its funds.  *Id.* at 4-5.

Rainwater also asserts that Stroebel has failed to state a claim under the Fair Housing Act, the Housing Community Development Act, and/or the Stafford Act and maintains that there is no right to judicial review of Road Home grants.  Rec. Doc. No. 10-1 at 16, 18.

Stroebel claims that Rainwater is not entitled to Eleventh Amendment immunity because the suit at hand names Rainwater in his official capacity, and further alleges that Rainwater either acted outside the scope of his authority, or, more likely, acted in such an arbitrary manner as to abuse the powers of his office, resulting in a violation of Stroebel's rights under federal law.  Rec. Doc. No. 13, at 1-2, 4-6.  Citing *Scheuer v. Rhodes*, 416 U.S. 232 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982), Stroebel asserts that there are not enough facts at this stage of the proceedings to ascertain the scope of Rainwater's authority and whether he abused his position by the arbitrary and capricious manner in which he administered the Road Home Program.  Rec. Doc. No. 13, at 4-6.  Therefore, Defendant's Motion to Dismiss should be denied so that Stroebel can develop the factual record accordingly.  *Id.* at 6-7.

Stroebel additionally argues that this Court does have the authority to review the Road Home Program's award, as the decisions of the Louisiana First Circuit Court of Appeals cited by Rainwater for the proposition that homeowners/grant applicants have no right and/or cause of action to seek judicial review of their Road Home grant applications or awards are "simply wrong." *Id.* at 7-8, n.2.

It is axiomatic that the Eleventh Amendment "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). The protection of the Eleventh Amendment "extends to any state agency or entity deemed an alter ego or arm of the state." *Id.* at 326. The Eleventh Amendment not only bars suits against the state by citizens of
another state, but also applies equally to suits against a state initiated by that state's own citizens. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974); *Hans v. Louisiana*, 134 U.S. 1, 13-15 (1890).

Pursuant to the seminal case of *Ex Parte Young* and its progeny, an exception to Eleventh Amendment immunity exists when suit is brought against a state officer, in his official capacity, seeking prospective relief to enjoin an ongoing violation of federal law. *Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman, supra*. It is well-settled that "the doctrine of *Ex Parte Young* is of no aid to a plaintiff seeking damages from the public

4

treasury." *Scheuer, supra* (citing *Edelman, supra; Kennecott Copper Corp. v. State Tax Comm'n*, 327 U.S. 573 (1946); *Ford Motor Co. v. Dep't Of Treasury*, 323 U.S. 459 (1945), *overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Georgia*, 535 U.S. 613 (2002); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47 (1944)). Additionally, "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant." *Papasan v. Allain*, 478 U.S. 265, 278 (1986). This is true if the relief sought is equivalent to an award of damages for a past violation of federal law although set forth as something else; thus, courts will consider the substance rather than the form of the relief sought in determining whether the *Ex Parte Young* exception applies. *Id*. at 278-79. *See also Edelman, supra* (finding that the Eleventh Amendment barred a suit for relief measured in terms of a monetary loss resulting from a past breach of a legal duty on the part of the defendant state officials).

It is additionally well-settled that "[t]he Eleventh Amendment bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (quoting *Ford Motor Co., supra,* at 464). This determination is not to be made "'by the mere names of the titular parties but by the essential nature and effect of

5

the proceeding.'" *Scheuer*, *supra*, at 237 (quoting *Ex Parte New York*, 256 U.S. 490, 500 (1921)). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). This occurs, for example, "if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Pennhurst*, *supra*, at 102, n.11 (citing *Dugan v. Rank*, 372 U.S. 609, 620 (1963)).

Stroebel relies on *Scheuer v. Rhodes*, 416 U.S. 232 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982), for his contention that the defendant in this case is not entitled to Eleventh Amendment immunity. Rec. Doc. No. 13, at 4-7. In *Scheuer*, the United States Supreme Court addressed Plaintiffs' claims for damages brought under §1983 against the Governor of Ohio, the Adjutant General and his assistant, various named and unnamed officers and enlisted members of the Ohio National Guard, and the president of Kent State University. 416 U.S. at 234. Plaintiffs alleged these defendants "intentionally, recklessly, willfully, and wantonly caused an unnecessary deployment of the Ohio National Guard on the Kent State campus and, in the same manner, ordered the Guard members to perform allegedly illegal actions which resulted in the death of plaintiffs' decedents." *Id.*

6

at 235. By performing such actions, Plaintiffs claimed that each defendant "acted either outside the scope of his respective office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of his office." *Id.*

The United States Supreme Court concluded that Plaintiffs' claims were not barred by the Eleventh Amendment because they sought to impose *individual* and *personal* liability on the defendants for an alleged deprivation of federal rights under the color of state law. *Id.* at 238. The Court stated that "[w]hile it is clear that the doctrine of Ex Parte Young is of no aid to a plaintiff seeking damages from the public treasury, damages against individual defendants are a permissible remedy in some circumstances not withstanding the fact that they hold public office." *Id.* (citations omitted). As Stroebel's instant claim is against Paul Rainwater in his official capacity as Executive Director of the Louisiana Recovery Authority, the decision of the Supreme Court in *Scheuer* regarding Eleventh Amendment immunity - that in certain instances a state official may be held liable in his personal capacity for damages - is clearly inapplicable here.

Moreover, although Stroebel's complaint styles the relief sought as prospective declaratory and injunctive relief, in actuality, Stroebel is merely seeking compensation for Road Home funds that he alleges were wrongfully withheld from him in the past. Therefore, the effect of a judgment in favor of Stroebel

7

would operate against the State of Louisiana through the Louisiana Recovery Authority (LRA), i.e., the state agency responsible for implementing and administering the Road Home Program and specifically the funds allocated to it.[1]  Stroebel cannot circumvent established principles of sovereign immunity by suing a state official, in his official capacity, while clearly seeking retroactive monetary relief that would require the State of Louisiana to act, out of the public treasury, to satisfy any judgment in Stroebel's favor.

Accordingly, Plaintiff's claims are barred by the Eleventh Amendment, and Defendant's Motion to Dismiss (Rec. Doc. No. 10) is hereby **GRANTED.**


New Orleans, Louisiana this 8th day of October, 2010.

*[signature]*

United States District Judge

---

[1]This Court has previously held that as an agency of the State of Louisiana, the Louisiana Recovery Authority qualifies as the "state" for purposes of Eleventh Amendment immunity.  Therefore, Plaintiffs' claims against the LRA were barred by the Eleventh Amendment. *Robinson v. Road Home Corp.,* 2010 WL 148364, at *2 (E.D.La. Jan. 12, 2010).